IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:26cr270-MHT |
| | ) | (WO) |
| CHARLES WASHINGTON | ) | |

ORDER FOR COMPETENCY EVALUATION

Defendant Charles Washington faces a one-count indictment alleging that he "forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with ... Social Security Administration employee J.T., who was engaged in official duties, and caused physical contact, in violation of 18 U.S.C. § 111(a)(1)." This case is now before the court on a motion for a competency evaluation filed by defense counsel. The government agrees that a competency evaluation is required. The court held an in-person hearing, at which Washington was present, on August 12, 2026. For the following reasons, the motion will be granted.

A court may order a competency evaluation on a party's motion, or on the court's own motion, "[a]t any

time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a). The court may order a defendant to be committed to the custody of the Attorney General to be placed in a suitable Bureau of Prisons (BOP) facility for the competency examination.  *See* 18 U.S.C. §§ 4241(b), 4247(b).

Here, based on Washington's incoherent and rambling demeanor at the hearing on the motion and at the recent initial appearance and arraignment before the United States Magistrate Judge, *see* Transcript (Doc. 16-1), there is reasonable cause to believe that Washington has a mental illness "rendering him mentally

2

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The court will, therefore, order him committed to the custody of the Attorney General for further evaluation at the BOP pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).

The examination must be completed within a reasonable period of time, not to exceed 30 days, but the director of the facility to which Washington is committed may apply for a reasonable extension of not more than 15 days, "upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant." 18 U.S.C. § 4247(b). Once the examination is complete, the examiner will prepare a psychological report and file this report with the court and provide copies to counsel, pursuant to 18 U.S.C. § 4247(c). This report should include a description of the psychological and medical tests

3

administered and their results; the examiner's findings, diagnosis, and prognosis of Washington's mental condition; and the examiner's opinions as to whether, given the demands that may be made on Washington throughout this prosecution, Washington is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4247(c).

Additionally, to avoid the further delay and inconvenience to the parties and to the court of the extra time required to transport Washington from the BOP facility back to this district and then--should the court determine that Washington is incompetent and that restoration is necessary--back to the BOP facility again, the court will order that, upon completion of the competency evaluation, the BOP shall retain custody of Washington until the court can decide, in light of

**4**

the results of the evaluation, whether to hold the competency hearing at the BOP facility or at the federal courthouse in Montgomery.

* * *

Accordingly, it is ORDERED that the motion for a competency determination (Doc. 16) is granted as follows:

(1) Pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), the United States Marshal for this district shall as soon as possible remove defendant Charles Washington to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being examined by one or more qualified psychiatrists or psychologists at the institution to assess his competency to stand trial. The statutory time period for the examination shall commence on the day defendant Washington arrives at the designated institution. Unless impracticable, the examination should be conducted in the suitable

5

facility closest to the court, pursuant to 18 U.S.C. § 4247(b).

(2) Defendant Washington will be examined for a reasonable period, not to exceed 30 days from the date of admission or arrival at the appropriate facility, by a licensed or certified psychiatrist or psychologist, pursuant to the provisions of 18 U.S.C. §§ 4241(b) and 4247(b)-(c). The director of the facility at which defendant Washington is evaluated may thereafter apply for a reasonable extension, not to exceed 15 days.

(3) A psychiatric or psychological report shall be filed under seal with the court pursuant to the provisions of 18 U.S.C. § 4247(c). The report shall include an opinion on whether defendant Washington is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

6

(3) The Bureau of Prisons shall retain custody of defendant Washington after completion of the mental-competency evaluation, until further order of the court, so that the court can decide whether to hold the competency hearing at the Bureau of Prisons facility or at the federal courthouse in Montgomery.

DONE, this the 12th day of August, 2026.

_/s/ Myron H. Thompson_
**UNITED STATES DISTRICT JUDGE**

7