IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:26cr270-MHT |
| | ) | (WO) |
| CHARLES WASHINGTON | ) | |

ORDER CONTINUING TRIAL

This case is before the court on a notice (Doc. 22) that defendant Charles Washington will be unavailable on the current trial date of October 5, 2026, because he is currently in the custody of the Bureau of Prisons to undergo a competency evaluation and will not be back in this judicial district on the trial date. For the following reasons, the court will continue the trial generally pending the conclusion of the competency evaluation and related proceedings.

Washington faces a one-count indictment alleging that he "forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with ... Social Security Administration employee J.T., who was engaged in official duties, and caused physical contact, in

violation of 18 U.S.C. § 111(a)(1)." Indictment (Doc. 1). Washington had his initial appearance before this court on July 29, 2026. On August 7, defense counsel filed a motion for a competency determination (Doc. 16). A few days later, the court held a hearing at which it was able to observe Washington's "incoherent and rambling" demeanor. *See* Order for Competency Eval. (Doc. 19) at 2. On August 12, after finding "reasonable cause to believe that Washington has a mental illness 'rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," *id.* at 2-3 (citing 18 U.S.C. § 4241(a)), the court granted the motion and ordered Washington committed to the custody of the Attorney General for an evaluation at a Bureau of Prisons facility pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). The court has not yet received an evaluation report, and the Bureau of Prisons website shows that Washington is being held at a facility in California.

*See* "Find an inmate.", Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (accessed Sept. 21, 2026).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C § 3161(c)(1). The Act excludes from the 70-day period any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant[.]" 18 U.S.C § 3161(h)(1)(A). Should the court ultimately find Washington incompetent to proceed, the Act will also exclude "[a]ny period of delay resulting from the

fact that the defendant is mentally incompetent or physically unable to stand trial." 18 U.S.C. § 3161(h)(3).

The court finds that a continuance is necessary to allow the completion of the competency evaluation and report, for a subsequent hearing on the issue of whether Washington is competent to proceed to trial, and, if Washington is ultimately found incompetent, for subsequent treatment and related proceedings.

Accordingly, for the above-stated reasons, it is ORDERED that the jury selection and trial in this case, currently set for October 5, 2026, are continued generally pending the conclusion of the competency evaluation and related proceedings.

DONE, this the 28th day of September, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE