IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:26cr270-MHT |
| | ) | (WO) |
| CHARLES WASHINGTON | ) | |

OPINION AND ORDER

This criminal case is now before the court on the question whether defendant Charles Washington has the mental capacity to stand trial--specifically, whether he is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

Based on the evidence presented at a competency hearing held on November 17, 2026, the court concludes, by a preponderance of the evidence, that Washington is not currently competent. The court will therefore recommit him to the custody of the Attorney General "for such a reasonable period of time, not to exceed

four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

## I. COMPETENCY

Defendant Washington faces a one-count indictment alleging that he "forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with ... Social Security Administration employee J.T., who was engaged in official duties, and caused physical contact, in violation of 18 U.S.C. § 111(a)(1)." Defense counsel filed an unopposed motion for a competency evaluation. The court previously found that there existed "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," 18 U.S.C. § 4241(a),

and ordered him committed to the custody of the Attorney General for an evaluation of competency. *See* Order for Competency Evaluation (Doc. 19).

Washington was sent to the Metropolitan Detention Center in Los Angeles, California, for evaluation. He was assessed by T. Smith, Psy.D, a forensic psychologist, who provided a written report. *See* Forensic Evaluation Report (Doc. 26) (under seal). Dr. Smith conducted clinical and legally focused interviews of Washington and reviewed legal documents, investigative reports, medical and mental health records. She also spoke with Washington's defense attorney and the assistant United States Attorney assigned to this case and considered the observations of psychological, correctional, and medical staff at the Center who had an opportunity to observe Washington during a 30-day period.

Dr. Smith diagnosed Washington with two DSM disorders. She found that the symptoms impair his ability to understand the nature and consequences of

the proceedings and to assist counsel with his defense. The court finds that the weight of the evidence supports the conclusion that Washington is not competent.

18 U.S.C. § 4241(d)(1) requires the court to order the Attorney General to hospitalize an incompetent defendant for a period of time not to exceed four months in order for mental-health personnel to attempt to restore him to competency and to determine whether there is a substantial probability that he will become competent in the foreseeable future. (An extension of this period is also possible under § 4241(d)(2).) Notably, Dr. Smith feels that restoration of Washington is possible if he is properly treated. *See* Forensic Eval. (Doc. 16) at 15. The court will therefore order Washington recommitted for purposes of competency restoration.

* * *

It is therefore ORDERED as follows:

(1) Defendant Charles Washington is declared mentally incompetent to stand trial in this case and is recommitted to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d).

(2) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d)(1), hospitalize defendant Washington in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Washington will attain the capacity to permit his trial to proceed.

(3) If the director of the facility in which defendant Washington is hospitalized determines that he has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate and report to that effect with the clerk of the court, pursuant to 18 U.S.C. § 4241(e).

**(4) If the director determines that defendant Washington has successfully been restored to competency, for purposes of efficiency and avoiding unnecessary travel, the director shall keep the defendant at the facility until further order of the court, so that the court may promptly order, if appropriate, an evaluation of the defendant's sanity at the time of the offense.**

DONE, this the 17th day of November, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE